IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TWYLA GALLIAHER,           )
                           )
          Plaintiff,       )
                           )
     vs.                   )   Civil Action No. 12-689
                           )
MICHAEL J. ASTRUE,         )
COMMISSIONER OF SOCIAL SECURITY, )
                           )
          Defendant.       )


O R D E R

AND NOW, this 25th day of March, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

1

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The decision of the Administrative Law Judge ("ALJ") to rely on the Medical-Vocational Guidelines, 20 C.F.R Pt. 404, Subpt. P, App. 2 (the "Grids") in determining that Plaintiff is not disabled is correct and supported by substantial evidence. The Grids have been promulgated by the Commissioner of Social Security to facilitate the determination as to whether a claimant is disabled. The Grids take into consideration the claimant's exertional limitations, age, education, and work experience and direct a finding of disabled or not disabled based on the combination of these factors. Where a claimant has non-exertional limitations, as well as exertional ones, an ALJ cannot rely solely on the Grids. See Sykes v. Apfel, 228 F.3d 259 (3d Cir. 2000).

Here, however, the ALJ found no non-exertional limitations; he found only that Plaintiff was limited to sedentary work as a result of her impairments, specifically, fibromyalgia and degenerative disc disease. (R. 15-20). Plaintiff argues that the ALJ erred in failing to find that she did have non-exertional limitations, but she fails to indicate what those limitations are with sufficient specificity, nor does she point to any medical evidence in the record that would demonstrate any specific non-exertional limitation. Rather, she seems to rely merely on the fact that she has been diagnosed with fibromyalgia to establish that she is limited in her ability to work. However, it is not the fact that Plaintiff has been diagnosed with fibromyalgia, but the functional limitations caused by her condition that is relevant. See Orbin v. Barnhart, 38 Fed. Appx. 822 (3d Cir. 2002); Craig v. Astrue, 2013 WL 322516 (W.D. Pa. Jan. 28, 2013).

As part of her argument, Plaintiff claims that it was error for the ALJ to require objective findings of fibromyalgia in determining her functional limitations, and that he was wrong in not crediting her subjective complaints of disabling pain. However, as Defendant points out, the ALJ did not require objective evidence of a diagnosis of fibromyalgia, but rather, considered all of the evidence, including the medical records, Plaintiff's treatment history, and her refusal to seek alternative treatments, in determining what credibility to give to her claims regarding the severity of her symptoms. It is well-established that an ALJ may not base a finding of disability solely on a claimant's statements about disabling pain, but rather, must evaluate "the extent to which [a claimant's] symptoms can

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 5) is DENIED and defendant's Motion for Summary Judgment (document No. 7) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

reasonably be accepted as consistent with the objective medical evidence and other evidence." Prokopick v. Commissioner of Soc. Sec., 272 Fed. Appx. 196, 199 (3d Cir. 2008) (citing 20 C.F.R. § 404.1529(a)). An ALJ can reject a claimant's subjective testimony regarding fibromyalgia-related pain as long as he or she provides sufficient reasons for doing so. See id. (citing Schaudeck v. Commissioner of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999) and S.S.R. 96-7p, 1996 WL 374186 (S.S.A.)). Contrary to Plaintiff's arguments, the ALJ adequately explained his basis for finding her statements concerning the intensity, persistence, and limiting effects of her symptoms to be not fully credible. Accordingly, the ALJ rightly considered the entire record, including the medical evidence, in determining Plaintiff's functional limitations. See Orbin, 38 Fed. Appx. at 823; Dixon v. Commissioner of Soc. Sec., 183 Fed. Appx. 248, 252 (3d Cir. 2006). The Court further notes that Plaintiff's argument ignores the fact that she was diagnosed not only with fibromyalgia, but also degenerative disc disease, which would necessitate consideration of the objective medical evidence in any event. See Trauterman v. Commissioner of Soc. Sec., 296 Fed. Appx. 218, 220-21 (3d Cir. 2008).

As to Plaintiff's contention that the ALJ erred in failing to give controlling weight to the opinions of her treating physicians, the Court notes that these physicians merely diagnosed fibromyalgia and degenerative disc disease. They offered no opinions as to what work limitations, if any, would be caused by these conditions. The ALJ clearly considered these records, and substantial evidence supports his treatment of them.

3